IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF MISSOURI
SOUTHWESTERN DIVISION

| | |
|---|---|
| PAZOE LEE, VANG LEE and YEE THAO, | ) ) ) |
| Plaintiffs, | ) ) |
| vs. | ) ) Case No. 10-5083-CV-SW-RED |
| STATE FARM MUTUAL AUTOMOBILE, | ) ) ) |
| Defendant. | ) |

## ORDER

Before the Court is Defendant's Motion for Summary Judgment (Doc. 24). After careful consideration, this Court **GRANTS** Defendant's motion.

## BACKGROUND

On November 11, 2009, Plaintiffs were involved in a motor vehicle accident involving an automobile operated by Ricky D. Taylor ("Taylor"). The motor vehicle accident occurred as a result of Taylor's negligence and Plaintiffs suffered injuries and sustained damages as a result of the accident. Plaintiffs each received $100,000.00, a total of $300,000.00, in settlement from Taylor's automobile liability insurer, 21st Century Insurance Company. This $300,000.00 amount represents the policy limit of Taylor's 21st Century Insurance Company policy and less than the amount of Plaintiffs' damages.

At the time of the accident, State Farm Mutual Automobile Liability Insurance Company ("State Farm") had issued three separate insurance policies to Plaintiffs. These policies included provisions for underinsured motor vehicles claims. At issue is whether the polices' underinsured motor vehicle coverage can be stacked.

For purposes of this Motion for Summary Judgment, the amount of damages being claimed by Plaintiffs is not in dispute. If the Court determines the policies may not be stacked, Defendant has no further liability as Defendant has previously paid Plaintiffs $100,000.00, the underinsured motor vehicle coverage accident limit. If the Court determines the policies may be stacked, Plaintiff would be entitled to $200,000.00, which represents the combined per accident policy limit for Plaintiffs' three underinsured motorist policies reduced by the $100,000.00 that Defendant has previously paid to Plaintiffs.

**STANDARD OF REVIEW**

According to Fed. R. Civ. P. 56(a), summary judgment may be granted "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." When ruling on a motion for summary judgment, the Court should view the facts in the light most favorable to the adverse party and allow the adverse party the benefit of all reasonable inferences to be drawn from the evidence." *Reed v. ULS Corp*, 178 F.3d 988, 990 (8th Cir. 1999). A party can show that a fact is not genuinely disputed by "showing that the materials cited do not establish the . . . presence of a genuine dispute, or that an adverse party cannot produce admissible evidence to support the fact." Fed. R. Civ. P. 56(c)(1)(B).

**LEGAL ANALYSIS**

At issue is whether Plaintiffs' underinsured motor vehicle coverages can be stacked. "'Stacking' refers to an insured's ability to obtain multiple insurance coverage benefits for an injury either from more than one policy, as where the insured has two or more separate vehicles under separate policies, or from multiple coverages provided for within a single policy, as when an insured

2

has one policy which covers more than one vehicle." *Lynch v. Shelter Mut. Ins. Co.*, 325 S.W.3d 531, 539 (Mo.Ct.App. 2010). Underinsured motorist coverage is optional coverage purchased by an individual through his own insurance company "to pay for losses incurred because another negligent driver's insurance is insufficient to cover his or her actual loss." *Geneser v. State Farm Mutual Automobile Ins. Co.*, 787 S.W.2d 288, 289 (Mo.App. W.D. 1989). There is no statute in Missouri that requires drivers to purchase underinsured motorist coverage. *Lynch*, 325 S.W.3d at 539. Accordingly, the limits of underinsured motorist coverage are determined by the insurance contract. *Id.* A contract's terms are enforced as written as long as the language of the contract is unambiguous. *Id.* When "construing the terms of an insurance policy, this Court applies the meaning which would be attached by an ordinary person of average understanding if purchasing insurance, and resolves ambiguities in favor of the insured." *Ritchie v. Allied Prop. & Cas. Ins. Co.*, 307 S.W.3d 132, 135 (Mo. 2009). An insurance policy is ambiguous if "an other insurance clause appears to provide coverage but other clauses indicate that such coverage is not provided." *Stewart v. Liberty Mutual Fire Ins. Co.*, 2011 WL 3106828 at *4 (Mo.Ct.App. 2011).

The relevant policy states that an underinsured motor vehicle is "a land motor vehicle . . . for which the total limits of insurance . . . for bodily injury liability from all sources . . . are less than the amount of the insured's damages." Defendant, the insurance provider, is required to "pay only if the full amount of all available limits of all bodily injury liability . . . policies . . . that apply to the insured's bodily injury have been used up by payment of judgment and settlements . . ." The policy additionally sets forth that the most Defendant "will pay for all damages from bodily injury to any one accident, including all damages sustained by other insureds as a result of that bodily injury, is the lesser of: (1) the amount of all damages resulting from that bodily injury reduced by the sum of

3

all payments for damages resulting from that bodily injury made by . . . any person . . .who is or may be held legally liable for that bodily injury; or (2) the limit shown under "Each Person". [Moreover] the most [Defendant] will pay for all damages resulting from bodily injury to two or more insureds injured in the same accident is the limit shown under "Each Accident"." Furthermore, the policy states that these limits "are the most [Defendant] will pay regardless of the number of . . . vehicles insured." Finally, the policy sets forth an anti-stacking exclusion which reads as follows: "If Underinsured Motor Vehicle Coverage provided by this policy and one or more other vehicle policies issued to you . . . by the [Defendant] . . . apply to the same bodily injury, then: a. the Underinsured Motor Vehicle Coverage limits of such policies will not be added together to determine the most that may be paid; and b. the maximum amount that may be paid from all such policies combined is the single highest applicable limit provided by any one of the policies."

Therefore, though Plaintiffs' underinsured motorist coverage applies to the situation at hand, the relevant policy places limits on Defendant's liability to Plaintiffs and disallows the stacking of multiple underinsured motorist coverages. An ordinary person of average understanding would be able to understand the language of the policy's underinsured motorist coverage, along with the limitations and exclusions set forth. Furthermore, though Plaintiffs argue that various portions of the policy contradict the limits and exclusions of the underinsured motorist coverage, when the policy is read as a whole, the policy is unambiguous. Plaintiffs, in their argument, ignore the meaning of the policy when read in its entirety, and, instead, pick and choose isolated portions of the policy, such as, the definition of underinsured motor vehicle and the policy's Declarations Page, which directs the insured to the policy booklet for coverage details. Accordingly, Plaintiffs' arguments for ambiguity are unpersuasive and Plaintiffs' underinsured motorist coverages cannot

4

be stacked.

Finally, there is no genuine dispute as to any material fact with regards to Plaintiffs' argument for recovery under the reasonable consumer expectation doctrine. The reasonable consumer expectation doctrine is appropriate only when there is an ambiguity in the policy. *Rodriguez v. General Accident Ins. Co.*, 808 S.W.2d 379, 382 (Mo. Banc 1991). As mentioned above, it does not appear that the insurance policy is ambiguous. Accordingly, summary judgment is also appropriate on Plaintiffs' claim for recovery under the reasonable consumer expectation doctrine.

## CONCLUSION

For the above stated reasons, this Court **GRANTS** Defendants' Motion for Summary Judgment (Doc. 24). Defendant has no further liability to Plaintiffs. Judgment is entered in favor of Defendant on all counts.

DATED: November 30, 2011      */s/ Richard E. Dorr*
RICHARD E. DORR, JUDGE
UNITED STATES DISTRICT COURT